REDMANN, Judge.
This is another case of alteration of vital statistic records by a former Orleans registrar whose zeal for correctness of her records at times overcame her reason, and whose medicines were therefore at times worse than the ills she sought to cure.
Years after the births of the six plaintiff children, the registrar substituted'for their long-standing birth records new certificates deleting their father’s name (leaving that space blank) and changing their own surnames from that of their father to that of their mother. This the registrar did on no other evidence than an unsworn statement of plaintiff mother (obtained under perhaps threatening circumstances[1]) that the mother had never married — an incorrect statement, the mother testified at trial.
That unsworn statement does contradict the original records’ recital that the children are legitimate. But legitimacy is not here at issue. That part of the birth record which is photocopied for the usual “birth certificate” does not include this information, or certain other items, such as birth weight. Thus our ordering restoration of the original birth certificates, so as to restore the recitals of paternity and surname, does not constitute a determination of legitimacy.
Plaintiffs appeal from the trial court’s refusal to order restoration of the original certificates. We reverse and so order.
The statute prohibits any alteration “except upon submission of sufficient documentary or sworn evidence . . . .” R.S. 40:266.
The registrar had no documentary evidence and no sworn evidence.
Even on the non-documentary and unsworn evidence the registrar had no basis to dispute, much less to delete, the original certificates’ declaration that James Thomas was plaintiff children’s father. Those declarations are in no way contradicted by the mother’s unsworn statement that she had never married. Only if the mother gave a sworn statement (or preferably, documentary evidence) that she was married to another at the children’s conception could the *647 registrar arguably make a change in the father’s name (not a deletion, since R.S. 40:244(8) requires the certificate to contain the full name of the father). Only in that case would the registrar be called on to resolve the conflict between biological paternity and the legal paternity which C.C. 184 ascribes to the mother’s husband.
Nor, similarly, did the registrar have any basis for changing the children’s surnames. There is no Louisiana law denying to children their father’s surname, except, possibly, C.C. 184.
The judgment is reversed and defendants are ordered to restore to plaintiffs their original birth certificates. All costs are to be paid by defendants insofar as legally chargeable.
SAMUEL, J., dissents with written reasons to follow.

. On the document the mother signed is the notation: “Birth records of first six children to be returned, false record. If not returned by June 8, 1964, case to be turned over to Dist. Atty.”